IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HENRI IVAN GONZALEZ-RODRIGUES,   *

    Plaintiff,   *

v.   *   Case No.: DLB-22-683

DIRECTOR GAIL WATTS, *et al.*,   *

    Defendants.   *

## MEMORANDUM OPINION

Self-represented plaintiff Henri Ivan Gonzalez-Rodrigues filed this civil rights action pursuant to 42 U.S.C. § 1983 against Gail Watts, Director of the Baltimore County Detention Center ("BCDC"), and Dr. Zowie Barnes. ECF 1. He alleges that during his pretrial detention at BCDC, he sustained injuries when he fell in the shower, and defendants were deliberately indifferent to his medical needs. *Id.* at 2–3; ECF 4.

On June 22, 2022, Dr. Barnes filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF 14. Gonzalez-Rodrigues opposed the motion. ECF 16, 17. A hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, Dr. Barnes's motion will be granted.

**I.     Background**

Gonzalez-Rodrigues alleges that while he was detained at BCDC on January 20, 2022, he slipped in the shower and injured his shoulder. ECF 1, at 2. After he reported the incident to a correctional officer, he was told to submit a sick call slip. *Id.* at 3. He claims that he submitted five sick call slips before he was seen by medical staff in March 2022. *Id.* According to Gonzalez-Rodrigues, Dr. Barnes evaluated his injuries, gave him only two pills for pain management, and ordered x-rays, which came back "normal." *Id.* at 3–4; *see also* ECF 4. Plaintiff claims the pills

did not alleviate the pain, he did not receive any other medication, and he continues to suffer from "excruciating pain." ECF 4.

## II.     Standard of Review

Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)).  To survive the challenge, the opposing party must have pleaded facts demonstrating he has a plausible right to relief from the Court.  *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A plausible claim is more than merely conceivable or speculative.  *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022).  The allegations must show there is "more than a sheer possibility that the defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678)).  But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than his theory.  *Jesus Christ is the Answer Ministries, Inc. v. Balt. Cnty., Md.*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022).  But the Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)).  Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista,*

*Va.*, 917 F.3d 206, 212 (4th Cir. 2019)).  On a Rule 12(b)(6) motion, the Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses."  *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'"  *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  Accordingly, the Court must construe pro se pleadings liberally.  *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021).  But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint."  *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)).  Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'"  *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, at 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570)).

**III.   Discussion**

Dr. Barnes first raises the affirmative defense that Gonzalez-Rodrigues has failed to exhaust his administrative remedies.  ECF 14, at 5.  Indeed, the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  However, in *Adamson v. Correctional Medical Services, Inc.*, the Supreme Court of Maryland concluded that Maryland's administrative exhaustion requirement does not "encompass[] prisoner malpractice lawsuits filed against private contractors who provide

medical services to prisoners under the control and responsibility of the DOC." 753 A.2d 501, 507 (Md. 2000).[1]  On that basis, this Court has "found that administrative exhaustion may not be raised as an affirmative defense by healthcare providers" at Maryland correctional facilities. *Richards v. Cross*, Civ. No. WDQ-14-2387, 2014 WL 7048087, at *1 (D. Md. Dec. 10, 2014) (collecting cases); *see also Hicks v. Stanford*, Civ. No. ELH-14-928, 2014 WL 5023101, at *1 n.4 (D. Md. Oct. 7, 2014).  Therefore, Dr. Barnes, a healthcare provider, may not raise an exhaustion defense.

Next, Dr. Barnes argues that dismissal is warranted because Gonzalez-Rodrigues fails to state a claim for deliberate indifference to a serious medical need. ECF 14, at 5–7.  Under the Eight Amendment, the government must "provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  Any "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Id.* at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  At all times relevant to the claims raised in this case, Gonzalez-Rodrigues was a pretrial detainee in BCDC.  This Eighth Amendment protection also extends to pretrial detainees like Gonzalez-Rodrigues through the Due Process Clause of the Fourteenth Amendment. *Young v. City of Mt. Ranier*, 238 F.3d 567, 575 (4th Cir. 2001) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243–44 (1983)). Therefore, "deliberate indifference to the serious medical needs of a pretrial detainee violates the Due Process Clause." *Id.*; *see also County of Sacramento v. Lewis*, 523 U.S. 833, 845–46 (1998) (concluding that, because "deliberately indifferent conduct" is

---

[1] On December 14, 2022, the Court of Appeals of Maryland was renamed the Supreme Court of Maryland, and the Court of Special Appeals of Maryland was renamed the Appellate Court of Maryland.  For cases decided when the Supreme Court of Maryland and the Appellate Court of Maryland had different names, the Court will utilize the earlier citation format.

sufficient for liability under the Eighth Amendment, it "must also be enough to satisfy the fault requirement for due process claims based on the medical needs of someone jailed while awaiting trial"). To prevail on a claim based on the alleged denial of medical care, a plaintiff must establish that defendants' actions or their failure to act amounted to "deliberate indifference to serious medical needs." *See Estelle*, 429 U.S. at 106; *see also Anderson v. Kingsley*, 877 F.3d 539, 543 (4th Cir. 2017).

The deliberate indifference standard has two prongs. The prisoner must show that "his medical condition was objectively serious—that is, 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Hixson v. Moran*, 1 F.4th 297, 302 (4th Cir. 2021) (quoting *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008)). He also must demonstrate that the official subjectively knew of and disregarded an excessive risk to his health or safety. *Id.* "[I]t is not enough that an official *should* have known of a risk; he or she must have had actual subjective knowledge of both the inmate's [or detainee's] serious medical condition and the excessive risk posed by the official's action or inaction." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). An inmate can show subjective knowledge "through direct evidence of actual knowledge or through circumstantial evidence," such as evidence that "'the risk was obvious.'" *Scinto v. Stansberry*, 841 F.3d 219, 226 (4th Cir. 2016) (quoting *Farmer*, 511 U.S. at 842).

"Deliberate indifference is a very high standard." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999); *see also Jackson*, 775 F.3d at 178 (describing the applicable standard as an "exacting" one). "[T]he treatment given must be 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Hixson*, 1 F.4th at 303 (quoting *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990)). It requires "'more than mere negligence,'

5

but 'less than acts or omissions [done] for the very purpose of causing harm or with knowledge that harm will result.'" *Id.* (quoting *Farmer*, 511 U.S. at 835). Deliberate indifference will not be found if "prison officials [who] are aware of a serious medical need . . . "respond[ ] reasonably to the risk." *Id.* at 302 (quoting *Farmer*, 511 U.S. at 844). Thus, "'[d]isagreements between an inmate [or detainee] and a physician over the inmate's [or detainee's] proper medical care' are not actionable absent exceptional circumstances." *Id.* at 302–03 (quoting *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985)).

Gonzalez-Rodrigues claims that Dr. Barnes was deliberately indifferent to his serious medical needs because he was not evaluated until two months after he fell in the shower and was only given medication that did not alleviate his pain. According to Gonzalez-Rodrigues' filings, Dr. Barnes: (1) evaluated him after he submitted sick call slips; (2) prescribed pain medication; and (3) ordered x-rays, which came back "normal." *See* ECF 1. These allegations do not set forth a cognizable claim of deliberate indifference to a serious medical need because Gonzalez-Rodrigues has not shown that his injury was objectively serious or that Dr. Barnes failed to make a reasonable effort to care for his injury. The treatment she provided was not "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Hixson*, 1 F.4th at 303 (quoting *Miltier*, 896 F.2d at 851). Gonzalez-Rodrigues' disagreement regarding the course of treatment is not enough to support a deliberate indifference claim. Moreover, as his x-rays came back "normal" two months after his fall, it does not appear that any delay in scheduling his visit to the medical unit exposed him to a serious or significant injury. *See Brown v. Comm'r of Cecil Cnty. Jail*, 501 F. Supp. 1124, 1126 (D. Md. 1980) (delay "does not violate the Eighth Amendment where the seriousness of the injury is not

apparent"). These allegations do not establish an excessive risk to Gonzalez-Rodrigues' health that Dr. Barnes knew of and disregarded. *See Hixson*, 1 F.4th at 302.

In sum, Gonzalez-Rodrigues fails to state a claim against Dr. Barnes for deliberate indifference. Therefore, Dr. Barnes's motion to dismiss is granted.[2]

## IV.     Conclusion

Dr. Barnes's motion to dismiss is granted, and plaintiff's claims against her is dismissed. A separate order follows.

February 15, 2023  
Date

Deborah L. Boardman  
United States District Judge

---

[2] The Court does not reach Dr. Barnes' arguments for dismissal of any state law claims against her that the Court may read into the complaint, because Gonzalez-Rodrigues only brings constitutional claims under § 1983. *See* ECF 1, at 3; ECF 4.